IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| DEBORA S. HALL, | : | Case No. 3:21-cv-00275 |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| JOE BIDEN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff Debora S. Hall, who is proceeding *pro se*, filed this action against several government officials and numerous musicians. This matter is before the Court for a *sua sponte* initial screen of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

I.  **INITIAL SCREENING STANDARD**

By separate order, Plaintiff was granted permission to proceed *in forma pauperis*, or without paying a filing fee. Congress has recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal quotations and citation omitted). To prevent such abusive litigation, Congress has authorized this Court to dismiss *in forma pauperis*

complaints that are frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if the asserted claims lack a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim has no arguable basis in law if it is based on a legal interest that clearly does not exist or the defendant is immune from suit. *Neitzke*, 490 U.S. at 327. A claim has no arguable basis in fact if the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true allegations that are "fantastic or delusional" when reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted). Nevertheless, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 (applying the *Iqbal* and *Twombly* standards to dismissals for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, the complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93.

## II. ANALYSIS OF PLAINTIFF'S COMPLAINT

Plaintiff makes the following allegations in her Complaint:

> I want to press charges against the government, Hollywood, all government like the President, Vice President, all Past Presidents and there [sic] families, all FBI, all CIA, all Congress, all Federal government, all International Presidents, all Kings and Queens, all country singers, all pop singers, all hiphop singers, all musicians, all actors, all directors, all models, Mafia, Klan, military leaders, Pentagon, FCC, NASA, all on TV, all host[s] on talk and game shows. I have directed energy on me, I had a satelight [sic] reading from a meteor, they break into my Apt. at Cole Manor every time I leave, they said there [sic] putting chemicals in there, my fridge has yellow stuff on it and they get into my food, there's red they put on my bedding & mattress, they urinate, spit. I received a black spot from it, they beam my vagina and made it black and [illegible], my face has a black spot. I feel a currant [sic] in my home all the time, my bank accounts are overdrawn, they lower my credit score.

(Doc. 2, PageID 35.) Plaintiff does not identify any statute that would give this Court subject matter jurisdiction over her civil complaint. (*Id.*, PageID 24.) She states that this action is criminal in nature. (*Id.*, PageID 38.)

3

Plaintiff previously filed a similar lawsuit in this Court and it was dismissed as frivolous. *Hall v. Trump*, Case No. 3:20-cv-522, slip op. at 1-2 (S.D. Ohio Jan. 6, 2021). The present lawsuit should also be dismissed on that basis. Plaintiff's factual allegations are fairly described as delusional, irrational and wholly incredible. *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. As such, the Court need not accept them as true. *Hill*, 630 F.3d at 471. Moreover, the Complaint lacks a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29; *Lawler*, 898 F.2d at 1198. Accordingly, the undersigned RECOMMENDS that the Complaint be dismissed with prejudice.

### III. NOTICE OF PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

## IV. CONCLUSION

For the reasons stated, the undersigned RECOMMENDS that the Complaint be dismissed with prejudice.

                                           */s/ Caroline H. Gentry*
                                           Caroline H. Gentry
                                           United States Magistrate Judge